```
FILED ___        ___ LODGED
___ RECEIVED     ___ COPY

      MAR - 4 2020

CLERK US DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

MICHAEL BAILEY
United States Attorney
District of Arizona
Serra M. Tsethlikai
Assistant U.S. Attorney
CA State Bar No. 171177
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: serra.tsethlikai@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

    Plaintiff,

vs.

Michael Anthony Sweigart,

    Defendant.

CR 19-1758-TUC-RM(MSD)

Plea Agreement

The United States of America and the defendant, Michael Anthony Sweigart, agree to the following disposition of this matter:

**PLEA**

The defendant agrees to plead guilty to Counts One and Two of the Indictment, charging the defendant with False Statement During Purchase of a Firearm, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), both felony offenses. The balance of the Indictment will be dismissed at the time of sentencing. Defendant also agrees to the forfeiture allegation.

///

## ELEMENTS OF THE CRIME

The essential elements of False Statement During Purchase of a Firearm are that:

1. SnGTactical- SnG arms, licensed under the name of Smoke and Glory, is a federally licensed firearms dealer;

2. In connection with the acquisition of a Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47093350; one Century Arms International, Model RAS47, 7.62x39mm semi-automatic rifle, bearing serial number RAS47093348; a Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47103032; and one Romarm Cugir, Model WASR10, 7.62x39mm semi-automatic rifle, bearing serial number A1-61775-18, from SnGTactical-SnG Arms, the defendant made false statements;

3. The defendant knew the statements were false; and

4. The false statements were material, that is, the false statements had a natural tendency to influence, or was capable of influencing SnGTactical-SnG Arms into believing that the 7.62x39 mm rifles could be lawfully sold to the defendant.

## **STIPULATIONS, TERMS AND AGREEMENTS**

**Maximum Penalties**: The defendant understands and agrees that the maximum penalties for the offenses to which he is pleading are a fine of $250,000, a maximum term of ten

(10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count._

**Agreement Regarding Sentencing:**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

(1) **18 to 30 months of** imprisonment if Defendant is in CH category I;

(2) **21 to 33 months** of imprisonment if Defendant is in CH category II;

(3) **24 to 37 months** of imprisonment if Defendant is in CH category III;

(4) **30 to 46 months** of imprisonment if Defendant is in CH category IV;

(5) **37 to 57 months** of imprisonment if Defendant is in CH category V;

and

(6) **41 to 63 months** of imprisonment if Defendant is in CH category VI.

The above sentencing ranges are based on USSG § 2K2.1(a):

Base Offense Level – 5K2.1(a)(2)        14

6 firearms involved – 5K2.1(b)(1)(A)     +2

Defendant engaged in trafficking         +4

3

| | | |
|---|---|---|
| 5K2.1(b)(5) | | |
| 5K2.0 – other considerations | | 0/-2 |
| Acceptance | | -3 |
| Total Adjusted Offense Level | | 15 - 17 |

b.  The Court may consider all the relevant conduct related to this investigation that has been charged in the Indictment, including dismissed counts, and has been shown in the provided disclosure.

c.  The defendant submits to the Forfeiture Order regarding the four firearms that are alleged in Counts One and Two of the Indictment in exchange for the dismissed count.

d.  The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing ranges based upon Probation's calculation of the defendant's criminal history score and category.

e.  The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

f.  If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

g.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an

4

opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

h. The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, his term of supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

i. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

j. <u>AGREEMENT AS TO FORFEITURE</u>

1. Defendant, Michael Anthony Sweigart, knowingly and voluntarily agrees to forfeit all right, title and interest in, and admits that he purchased: one Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47093350; one Century Arms International, Model RAS47, 7.62x39mm semi-automatic rifle, bearing serial number RAS47093348; one Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47103032; and one Romarm Cugir, Model WASR10, 7.62x39mm semi-automatic rifle, bearing serial number A1-61775-18 (hereinafter "Firearms Not Seized") in violation of Title 18, United States Code, Section 922(a)(6), for the total purchase price of $2,663.11.

2. The defendant further admits that the Firearms Not Seized represent property involved in the commission of the offense, and are therefore forfeitable pursuant to Title

18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

3.  The defendant admits that the Firearms Not Seized have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

4.  The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of $2,663.11 in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the Firearms Not Seized. This being in accordance with Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

5.  The defendant agrees to pay in full $2,663.11 in United States currency, via cashier's checks in consecutive monthly installments, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: AFU, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159.

6.  In the event that the defendant does not remit the cashier's checks totaling the amount of $2,663.11 in United States currency to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the Firearms Not Seized ($2,663.11 in United States currency), including but not limited to all property, both real and personal, owned by the defendant.

7. The defendant knowingly and voluntarily agrees to consent to the entry of orders of forfeiture for the Firearms Not Seized, or any assets that are related to satisfying the $2,663.11 in United States currency, or any other assets, or seized property that are related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

8. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

9. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

10. The defendant knowingly and voluntarily waives any interest he may have in the Firearms Not Seized listed above and agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with any seizure or

forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $2,663.11 in United States currency, covered by this agreement.

11. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the assets carried out in accordance with this plea agreement including any payment made by the defendant to satisfy the $2,663.11 in United States currency, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

12. The defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment, is collected in full.

**Disclosure of Information to U.S. Probation:**

The defendant understands the government's obligation to provide all information in its file regarding defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

**Reinstitution of Prosecution:**

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

**Waiver of Defenses and Appeal Rights:**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence

under Title 28, United States Code, Section 2255, or any other collateral attack. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

**Plea Addendum**:

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

**WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS**

**Waiver of Rights**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and

compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

**Factual Basis**:

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On September 18, 2018, at or near Tucson, in the District of Arizona, I, **Michael Anthony Sweigart,** entered SnGTactical-SnG Arms, a federally licensed firearms dealer to buy two firearms. I purchased a Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47093350; and one Century Arms International, Model RAS47, 7.62x39mm semi-automatic rifle, bearing serial number RAS47093348; from SnGTactical-SnG Arms. In order to purchase the firearms from SnGTactical-SnG Arms, I was required to fill out ATF Form 4473. On that form, I checked the box "Yes" when answering the question "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**"; even though I knew this to be false as I was going to be paid for buying the two firearms for another person and intended to transfer the firearms to that person.

Asserting that I was the actual buyer, was a material fact, which if true would have a natural tendency to influence SnGTactical-SnG Arms into believing that I could legally acquire the two 7.62x39mm semi-automatic rifles and allow me to lawfully purchase the firearms from SnGTactical-SnG Arms.

On September 19, 2018, at or near Tucson, in the District of Arizona, I, **Michael Anthony Sweigart,** entered SnGTactical-SnG Arms, a federally licensed firearms dealer to buy two firearms. I purchased a Century Arms International, Model RAS47, 7.62x39 mm semi-automatic rifle, bearing serial number RAS47103032; and one Romarm Cugir, Model WASR10, 7.62x39mm semi-automatic rifle, bearing serial number A1-61775-18; from SnGTactical-SnG Arms. In order to purchase the firearms from SnGTactical-SnG Arms, I was required to fill out ATF Form 4473. On that form, I checked the box "Yes" when answering the question "Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you.**"; even though I knew this to be false as I was going to be paid for buying the two firearms for another person and intended to transfer the firearms to that person. Asserting that I was the actual buyer, was a material fact, which if true would have a natural tendency to influence SnGTactical-SnG Arms into believing that I could legally acquire the two 7.62x39mm semi-automatic rifles and allow me to lawfully purchase the firearms from SnGTactical-SnG Arms.

As I personally purchased six (6) 7.62x39 mm semi-automatic rifles for another person with cash from that other person within a week, I had reason to believe that I was trafficking the firearms whose possession of the firearms was unlawful or who intended to use the firearms unlawfully. In addition, I submit that one of the firearms that I purchased has been already recovered by law enforcement authorities in Mexico.

3/4/2020
Date

Michael Anthony Sweigart
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

1   I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and the defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

   I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

3-4-2020
Date

Rubin Salter, Jr.
Attorney for Defendant

**GOVERNMENT'S APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

3/4/20
Date

SERRA M. TSETHLIKAI
Assistant U.S. Attorney